UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
DERRICK MACK,

               Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 20-CV-05961 (FB)

Appearances:

*For the Plaintiff*:
LOUIS R. BURKO
Severance Burko Spalter Masone PC
16 Court St., Suite 2400
Brooklyn, NY 11241

*For the Defendant*:
BREON PEACE
United States Attorney
Eastern District of New York
By: SARAH PRESTON
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Derrick Mack ("Mack") appeals the Commissioner of Social Security's ("Commissioner") final decision denying his application for Supplemental Security Income benefits. Both Mack and the Commissioner move for judgment on the pleadings. For the following reasons, Mack's motion is granted, the Commissioner's

1

motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

## I.

Mack applied for Social Security disability benefits, alleging disability as of April 22, 2018, due to injuries to his left arm, spine, and scapula, and disruption in his balance. An administrative law judge ("ALJ") held a hearing at which Mack, unrepresented, testified about his symptoms. Following the hearing, the ALJ found Mack not disabled because he retained the residual functional capacity ("RFC") to perform light work with certain limitations. The Appeals Council denied review on November 13, 2020. The ALJ's decision thus became the final decision of the Commissioner, prompting this appeal.

## II.

Remand is warranted because the ALJ (i) failed to consider Mack's need to use a cane in his RFC finding and (ii) impermissibly discounted Mack's subjective complaints about his condition.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir.

2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

### a. The ALJ improperly substituted his lay opinion for that of medical sources by failing to account for Mack's cane use.

Here, the ALJ erred by substituting his own lay opinion for those of medical sources. In doing so, he made a finding that was inconsistent with and unsupported by medical evidence. *See Hilsdorf v. Comm'r of Soc. Sec.,* 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) (stating that an ALJ who makes an RFC determination that is unsupported by substantial evidence has improperly substituted his own opinion for that of a physician); *see also Balsamo v. Chater*, 142 F. 3d 75, 81 (2d Cir. 1998) (holding that an ALJ may not substitute his or her judgment for a competent medical opinion). "[The ALJ] cannot pick and choose evidence that supports a particular conclusion." *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) (internal citation omitted).

The ALJ erred at the fourth step of the five-step process by failing to properly consider Mack's balance impairments and spinal injuries in determining his RFC. To reach a valid RFC, the ALJ must consider all impairments in this assessment, not just those he deems severe. *See* 20 C.F.R. § 404.1545. Courts must

assess a claimant's RFC "based on all of the relevant and other evidence." 20 C.F.R. § 416.945(3). Generally, an ALJ's failure to explicitly identify a severe impairment at step two does not necessitate remand. *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010); *Reices-Colon v. Astrue*, 523 F.App'x 796, 798 (2d Cir. 2013). However, "where the ALJ's step-two error prejudiced the claimant at later steps in the sequential evaluation process, remand is required." *Southgate v. Colvin*, No. 2:14-CV-166, 2015 WL 6510412, at *6 (D. Vt. Oct. 28, 2015) (collecting cases). Since the Court finds the ALJ's error in considering Mack's balance issues and spinal injuries affected the RFC analysis, remand is appropriate.

To find that Mack was not disabled, the ALJ appears to have substituted his own opinion for that of medical providers. This is error. *See Hilsdorf* at 347. For example, Dr. Olga Yevshikova, an internal medicine physician who examined Mack as part of an assessment for Mack's New York State disability benefits application in September 2018 noted that he had poor balance, that he used a cane, and that he had pain in his thigh, groin, arm and neck. *See* A.R. 678-684. These notes were supported by a subsequent x-ray that revealed straightening of Mack's normal cervical lordosis and other spinal abnormalities. Another internist, Dr. W. Wells, reviewed Mack's medical records in October 2018 and opined that Mack required a cane for balance. A.R. 529-31. Yet, the ALJ disregarded the opinions of Dr. Wells and Dr. Yevshikova in his RFC finding, not acknowledging the

4

limitations that Mack's use of a cane or spinal injuries present. This was improper and necessitates remand. *See Southgate*, 2015 WL 6510412, at *6.

### b. The ALJ improperly discounted Mack's subjective complaints and in doing so, made a finding not supported by substantial evidence.

In addition, the ALJ discredited Mack's self-reported complaints without supporting his finding with substantial evidence. To disregard a claimant's subjective complaints, the regulations require an ALJ to consider several factors. *See* 20 C.F.R. 416.929(c)(3) (enumerating the factors to consider). The ALJ failed to do so, instead concluding that "[t]he longitudinal medical evidence of record does not completely support the claimant's alleged loss of functioning." A.R. 15. This conclusion reveals an insufficient review of the factors in considering a claimant's subjective complaints as required by the regulations, as well as an insufficient review of Mack's self-reported symptoms and ability to function, which are supported in the record by the opinions of both Dr. Yevshikova and Dr. Wells. This was improper.

## III.

For the foregoing reasons, Mack's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**SO ORDERED**.

                                                                                              /S/ Frederic Block
                                                                                              FREDERIC BLOCK
                                                                                              Senior United States District Judge

Brooklyn, New York
July 7, 2022